# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 7, 2005

## CHRISTOPHER JEROME TAYLOR v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Fayette County
### No. 5146    Jon Kerry Blackwood, Judge

---

### No. W2004-02107-CCA-R3-PC  - Filed September 12, 2005

---

The Appellant, Christopher Jerome Taylor, appeals the Fayette County Circuit Court's denial of his petition for post-conviction relief.  On appeal, Taylor argues that he was denied his Sixth Amendment right to the effective assistance of counsel.  After review of the record, we affirm the denial of post-conviction relief.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

David L. Douglas, Somerville, Tennessee, for the Appellant, Christopher Jerome Taylor.

Paul G. Summers, Attorney General and Reporter; Seth P. Kestner, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Terry D. Dycus, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Procedural Background

In April of 2002, the Appellant was convicted by a Fayette County jury of felony possession of 0.5 grams or more of cocaine with intent to deliver, felony possession of 0.5 ounces or more of marijuana with intent to deliver, and felony possession of a handgun.  The trial court subsequently imposed an effective sentence of eighteen years imprisonment.  On direct appeal, the Appellant's convictions and sentences were affirmed. *State v. Christopher Jerome Taylor*, No. W2002-01977-CCA-R3-CD (Tenn. Crim. App. at Jackson, Feb. 25, 2004).

The relevant facts, as summarized by this court on direct appeal, established:

This case involves a traffic stop by police in Somerville on the night of September 22, 2000, and the subsequent apprehension of the Defendant, Christopher Jerome Taylor, who fled from the car carrying a black bag. Police recovered the black bag in a nearby cotton field and discovered that the bag contained a loaded 9 - millimeter Stallings pistol, a set of postage scales, a bundle of marijuana, a plastic bag of white powder cocaine, and a plastic bag of crack cocaine.

. . . .

. . . The officer explained that the vehicle slowly drifted to the curb, and, before it came to a complete stop, the back passenger door "fl[ew] open" and a man, whom he identified as the Defendant, ran out of the vehicle toward an adjacent cotton field. Officer Currey stated that he noticed that the Defendant held a large object in his left hand as he ran toward the field.

. . . .

. . . Officer Currey stated that Officer Eubanks found $4,636 in cash on the Defendant and placed the money in an evidence bag at the scene. He stated that Officer Eubanks and Officer Burgess found a black bag sitting in the cotton field where the Defendant was apprehended.

. . . .


. . . The officer stated that the Defendant then asked the officers whether they found his pager in the cotton field, and the officers replied affirmatively. . . . The officer explained, "He didn't want to say a whole lot at that point, but he did make the statement to us sitting there that he was taking narcotics to somebody here in Somerville."

*Id.*

In March of 2004, the Appellant filed a *pro se* petition for post-conviction relief, alleging that he was denied the effective assistance of counsel. Following the appointment of counsel, an amended petition was filed, and an evidentiary hearing was held on August 19, 2004. The post-conviction court denied relief by written order on August 20, 2004. This timely appeal followed.

**Analysis**

On appeal, the Appellant asserts that trial counsel's representation was deficient because counsel failed to: (1) properly prepare a defense and investigate his case; (2) object to an amendment of his indictment the day before trial; and (3) request that the black bag taken into evidence undergo testing for fingerprints. To succeed on a challenge of ineffective assistance of counsel, the Appellant bears the burden of establishing the allegations set forth in his petition by clear and convincing

evidence. Tenn. Code Ann. § 40-30-110(f) (2003). The Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). This deference to the tactical decisions of trial counsel is dependant upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

It is unnecessary for a court to address deficiency and prejudice in any particular order, or even to address both if the petitioner makes an insufficient showing on either. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Burns*, 6 S.W.3d 453, 463 (Tenn. 1999) (quoting *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068) (citations omitted)).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *Id*. at 461. "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard with no presumption that the post-conviction court's findings are correct. *Id*.

## I. Investigation and Preparation

The Appellant contends that trial counsel failed to interview and call as witnesses two individuals who were in the vehicle with him on the night of his arrest, namely Peter McGuire and Justin Posey. McGuire was identified as the driver of the vehicle, and Posey, a juvenile, was a passenger on the front seat. At the post-conviction hearing, trial counsel testified that both she and her investigator tried to contact these two individuals repeatedly with no success. In addition, the State had subpoenaed McGuire and Posey as witnesses; however, the subpoenas were returned unserved, as the two could not be found. Because the State had attempted to secure their presence at trial, the defense chose not to subpoena McGuire and Posey separately. Trial counsel was permitted to review the statements of both individuals made at the time of the Appellant's arrest and concluded that they were not beneficial to the Appellant. In his statement, Posey indicated that he did not remember if the Appellant had anything with him when he ran from the vehicle. McGuire

recalled that the Appellant was carrying a black bag that he stated contained "an ounce and a half of weed." Neither Posey nor McGuire was called as a witness at the post-conviction hearing.[1]

When an Appellant claims that trial counsel failed to present a particular witness in support of his defense, the Appellant should present the witness at the evidentiary hearing. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Through this testimony, an appellant must establish that not presenting this witness at trial "resulted in the denial of critical evidence which inured to the prejudice of the [appellant]." *Id*. The record establishes that the post-conviction court accredited the testimony of trial counsel, that counsel made every reasonable effort to locate McGuire and Posey. We are provided no reason to discredit trial counsel's conclusion that these individuals would not have been favorable witnesses for the defense. To the contrary, their statements to the police suggest that they would have been favorable prosecution witnesses. Accordingly, we conclude that the Appellant has failed to establish that trial counsel's performance was deficient or that the Appellant was prejudiced as a result of the absence of the witnesses, McGuire and Posey.

The Appellant also argues that trial counsel was ineffective for failing to properly prepare a defense or establish a trial strategy. Although the Appellant characterizes trial counsel's defense as inadequate, he offers no alternative defense or strategy which could have produced a different result. Regarding strategy, trial counsel testified that her first line of defense was to attack an error in the indictment; however, she also prepared to defend upon grounds that the Appellant fled from the vehicle because he was on parole and scared and that the black bag did not belong to the Appellant but, rather, to another occupant of the vehicle. The trial court found the Appellant's allegations of inadequate preparation without merit concluding, "defense counsel took every reasonable step she could in this matter; preserved it for appeal, and, as a consequence, was not ineffective." We agree. Again, counsel may not be faulted for presenting a sound, but unsuccessful tactical decision. This issue is without merit.

## II. Amended Indictment

The Appellant also asserts that trial counsel erred by failing to object to the State's amendment of the indictment. Thus, with regard to this allegation, the Appellant was required to show by clear and convincing evidence (1) that an objection to the amendment would have been sustained and (2) that there was reasonable probability that the proceedings would have concluded differently if counsel had performed as suggested. Clearly, counsel cannot be considered ineffective for failing to make or pursue an objection that would have been meritless. The precise nature of the amendment is unclear. Neither the original indictment, as returned by the grand jury, nor the indictment as amended is included in the record. It is the Appellant's duty to ensure a complete record, and the absence of relevant documents in the record may preclude consideration of the issue. *See*. Tenn. R. App. P. 24(b). The testimony at the post-conviction hearing indicates that the indictment alleged the wrong date for the commission of the crimes. Tenn. R. Crim. P. 7(b) provides:

---

[1] The record suggests that neither witness could be found.

An indictment, presentment or information may be amended in all cases with the consent of the defendant. If no additional or different offense is thereby charged and no substantial rights of the defendant are thereby prejudiced, the court may permit an amendment without the defendant's consent before jeopardy attaches.

It is undisputed that the indictment was amended prior to trial; thus, jeopardy had not attached. Although the Appellant argues that trial counsel failed to object to the amendment, the trial court found otherwise. With regard to the nature of the amendment, *i.e.*, correction of the date of the offense, it is well established that the indictment need only allege that the offense was committed before the return of the indictment unless the date or time "is a material ingredient in the offense." Tenn. Code Ann. § 40-13-207; *see also State v. Sexton*, 656 S.W.2d 898, 900 (Tenn. Crim. App. 1983) (holding amendment of indictment, before jury was sworn and over defendant's objection, was proper where it was for the purpose of correcting the date of the alleged offense).

The record before us reflects that the Appellant was not charged with an additional or different offense as a result of the amendment. The date was not material to the charged offenses. Moreover, the Appellant has not established prejudice resulting from the amendment. Because the Appellant has failed to show that an objection to the amendment would have been meritorious, no deficient performance has been established. This issue is without merit.

## III. Fingerprinting

Lastly, the Appellant contends that trial counsel was deficient for failing to submit the black bag and its contents for fingerprint examination. He argues that had these items been examined, his prints would not have been identified, establishing reasonable doubt in the minds of the jury as to his guilt. We view this argument, at best, as speculative. Whether the Appellant's fingerprints were or were not found on the black bag would not negate the fact that the Appellant was seen by the police fleeing from the vehicle, holding a large object in his hand and that a black bag was found in the cotton field where the Appellant was apprehended. Moreover, the presence of another's fingerprints on the black bag or its contents would not have negated the fact that the Appellant told officers that he was taking narcotics to "somebody in Somerville." Finally, fingerprint evidence would not have disposed of the question of whether the Appellant was in constructive and/or joint possession of the contraband. Accordingly, we find this issue without merit.

## CONCLUSION

Based upon the foregoing, we affirm the dismissal of the petition for post-conviction relief by the Fayette County Circuit Court.

_____
DAVID G. HAYES, JUDGE